| STATE OF LOUISIANA | * | NO. 2020-K-0124 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| MATTHEW CHESTER | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 543-703, SECTION "B"
Honorable Tracey Flemings-Davillier, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano,
Judge Sandra Cabrina Jenkins)


Leon A. Cannizzaro, Jr., District Attorney
Kyle Daly, Assistant District Attorney
ORLEANS PARISH
619 S. White Street
New Orleans, Louisiana 70119

      COUNSEL FOR RELATOR/STATE OF LOUISIANA

Frank G. DeSalvo
Shannon R. Bourgeois
FRANK G. DESALVO, APLC
739 Baronne Street
New Orleans, Louisiana 70113

      COUNSEL FOR RESPONDENT/DEFENDANT


      **WRIT GRANTED; RULING REVERSED**


**MAY 20, 2020**

*SCJ*
*TFL*
*JCL*

The State seeks review of the trial court's January 16, 2020 ruling granting the defendant's "Motion to Reopen Trial" that was filed two months after the trial court found the defendant guilty of domestic abuse battery. For the following reasons, we find the trial court erred in granting the defendant's motion and ruling that the trial be reopened after the verdict was rendered. Consequently, we grant the State's writ, reverse the trial court's ruling, and reinstate the defendant's conviction.

## PROCEDURAL BACKGROUND[1]

On September 6, 2019, the defendant appeared for a bench trial on one count of domestic abuse battery, a violation of La. R.S. 14:35.3. During the trial, the State presented the testimony of two witnesses, the responding New Orleans Police Department officer and the victim. Following the State's submission of testimony and evidence, defense counsel announced that, "after conferring with [the

---

[1] The facts of the case are not relevant to the issue presented for review.

1

defendant] and [co-counsel]" the defense rested; thus, the defendant did not testify. At the conclusion of the trial, the trial court found the defendant guilty as charged.[2]

On September 20, 2019, attorney Frank DeSalvo enrolled as counsel of record for the defendant. On November 8, 2019, the defendant filed a "Motion to Reopen Trial," moving for his trial to be reopened so that he could testify. The defendant noted that the trial transcript did not include an affirmative record that the defendant voluntarily waived his right to testify on his own behalf. Notably, the defendant did not allege that he was precluded from testifying by his counsel or otherwise.

On January 16, 2020, the parties appeared for a hearing on the defendant's motion. Defense counsel acknowledged that while the Code of Criminal Procedure is silent regarding the reopening of a trial after verdict, he argued that "the case law, for federal and state, clearly dictate that this court should reopen this matter so that the defendant could testify on his own behalf." The trial court then inquired whether it was the defendant's contention that he would have testified or would have wanted to testify "but for the advice or control of his counsel?" Defense counsel replied, "[t]hat's correct." The trial court then stated its ruling as follows:

> So again, both parties are correct obviously there is no code or article that governs reopening a trial.
> However, there's very strong, interestingly enough, very strong case law; jurisprudence from both the Louisiana Supreme Court, as

_____

[2] The trial court set the sentencing hearing for October 4, 2019, and set a $1000 sentencing bond for the defendant. The defendant was released on the sentencing bond and a protective order. Subsequently, new counsel enrolled and filed motions to continue the sentencing hearing. To date, the defendant has not been sentenced.

well as federal court that the court has looked at, in terms of its research, and both cases have been cited and discussed in defense counsel's motion, and those cases basically are favorable to reopening cases and has [sic] deemed that a court that refuses to reopen a case to allow a defendant to testify when the allegation or claim is that the defendant was precluded from testifying based on defense counsel's position, or wishes, or control over that case have been reversed, and they've been found to be very prejudicial – rulings of the trial court – and failing to reopen a case have been found to be prejudicial, so based on the jurisprudence by the Louisiana Supreme Court, and other similar cases, the court is going to grant the defendant's motion.

Following the trial court's ruling, the State noticed its intent to seek supervisory review and requested that a stay be issued. The trial court granted the State's motion for a stay. The State's timely writ followed.

## DISCUSSION

The State submits that the trial court erred in granting the defendant's motion to reopen the trial to allow the defendant to testify, because the trial court has no authority to reopen a criminal trial after a verdict has been rendered. Based upon our review of the applicable law and jurisprudence, as discussed below, we agree that the trial court exceeded its authority by reopening the trial to allow additional testimony after a verdict was rendered. Moreover, even if the defendant's motion were procedurally proper, the defendant failed to establish even a prima facie case that his right to testify had been deprived.

### *Trial Court Authority to Reopen a Trial*

The Code of Criminal Procedure provides particular procedures by which a defendant may seek to vacate a conviction: a motion for new trial, pursuant to La. C.Cr.P. art. 851 et seq.; a direct appeal, pursuant to La. C.Cr.P. art. 911 et seq; and an application for post-conviction relief, pursuant to La. C.Cr.P. art. 926 et seq.

3

However, as both parties and the trial court acknowledged, the Code of Criminal Procedure does not recognize a motion to reopen trial nor provide any procedure for reopening a trial after a verdict has been rendered.

The defendant argues, however, that his right to testify at trial is fundamental, that the deprivation of that right is so prejudicial that it cannot be harmless error, and that the only recourse is the reopening of trial to allow his testimony. In support of his arguments, the defendant cites to *State v. Dauzart*, 99-3471 (La. 10/30/00), 769 So.2d 1206. However, we find that *Dauzart* fails to support any argument for reopening a trial for testimony *after* a verdict has been rendered.

In *Dauzart*, the defense moved, during a jury recess, to reopen its case for the defendant to testify, shortly after announcing that the defense had rested, and prior to closing arguments and the charging of the jury. 99-3471, p. 4, 769 So.2d at 1209. In finding that the trial court abused its discretion by refusing to allow the defense to reopen its case under those circumstances, the Louisiana Supreme Court stated that the "slight deviation from normal practice would have had no impact on the orderly flow of trial from jury selection to verdict." *Id.*, p. 2, 769 So.2d at 1208. However, the Louisiana Supreme Court's discussion of an accused's right to testify at trial made clear that, "[w]hile 'there is no justification for a rule that denies an accused the opportunity to offer his own testimony,' the accused's right to testify is not unqualified and 'may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.'" *Id.*, p. 1, 769 So.2d at

4

1207-08 (quoting *Rock v. Arkansas*, 483 U.S. 44, 49, 107 S.Ct. 2704, 2708, 97 L.Ed.2d 37 (1987)). The Court further stated that procedural and evidentiary rules governing the orderly conduct of trial, such as Louisiana's procedural rule limiting testimony to the evidentiary stage of trial, "do not offend the defendant's right to testify" because such a rule of procedure "simply imposes a commonsense requirement that the right to testify be exercised in a timely fashion." *Dauzart*, 99-3471, p. 1, 769 So.2d at 1208 (internal citations omitted); *see* La. C.Cr.P. art. 765(5).

As noted by the Court in *Dauzart*, Louisiana law limits the introduction of evidence and testimony to the evidentiary stage of trial, and the trial court has discretion to permit the introduction of additional evidence prior to closing argument. La. C.Cr.P. art. 765(5); *State v. Coleman*, 14-402, pp. 65-66 (La. 2/26/16), 188 So.3d 174, 220-21. Accordingly, in *Coleman*, the Court found no error in the trial court's refusal to allow the defendant's testimony when requested after closing arguments, because the defendant's request was untimely. 14-402, p. 66, 188 So.3d at 221.

Thus, neither the rules of procedure nor any applicable jurisprudence allows for the reopening of a trial for a defendant's testimony after a verdict has been rendered. Consequently, we find the trial court erred in granting the defendant's motion to reopen trial.

### *Establishing a Violation of a Defendant's Right to Testify*

The defendant also argues, in his motion to reopen trial and in response to the State's writ, that the trial record fails to reflect that the defendant made an affirmative, knowing, and voluntary waiver of his right to testify or that the trial court inquired as to whether the defendant sought to invoke his right to testify. But, pursuant to the applicable jurisprudence, we find that the defendant fails to establish that his right to testify was violated.

In *State v. Hampton*, 00-0522 (La. 3/22/02), 818 So.2d 720, on limited reh'g (June 7, 2002), wary that a broad-based ruling on the denial of a defendant's right to testify could open the floodgates for post-conviction relief in any case in which the defendant did not testify, the Louisiana Supreme Court adopted two criteria for determining whether a defendant's right to testify was violated or waived by his silence at trial, stating as follows:

> (1) absent extraordinary circumstances that should alert the trial court to conflict between attorney and client, the court should not inquire into a criminal defendant's right to testify. The court should assume, that a criminal defendant, by not 'attempting to take the stand,' has knowingly and voluntarily waived his right;
>
> (2) the court must consider whether the petitioner has waived his right to testify … [The defendant can only] rebut that presumption … by showing that his attorney caused him to forego his right to testify [(a) by alleging specific facts, including an affidavit by the defendant's trial counsel] from which the court could reasonably find that trial counsel 'told [the defendant] that he was legally forbidden to testify or in some similar way compelled him to remain silent … '[(b) by demonstrating from the record] that those 'specific factual allegations would be credible…'

*Hampton*, 00-0522, p. 14, 818 So.2d at 729-30 (quoting *Passos-Paternina v. United States*, 12 F.Supp.2d 231, 239-40 (D.P.R. 1998)).

In this case, the defendant's argument relies entirely on the absence of an affirmative record that he voluntarily waived his right to testify. The defendant fails to allege or show any extraordinary circumstances that should have alerted the trial court to a conflict between the defendant and his trial counsel that would then prompt the trial court to inquire into the defendant's right to testify; and, the defendant fails to rebut the presumption that he waived his right to testify by alleging any specific facts demonstrating that his trial counsel compelled or prohibited him from testifying. Thus, the defendant failed to support his claim that his right to testify was violated.

## CONCLUSION

For the foregoing reasons, we find the trial court erred in granting the defendant's motion to reopen the trial to allow the defendant to testify. Accordingly, we grant the State's writ and reverse the trial court's ruling. In consideration that the trial court's ruling effectively set aside the defendant's conviction, we reinstate the defendant's conviction for domestic abuse battery and remand this matter for sentencing.

**WRIT GRANTED; RULING REVERSED**